[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST JUDGMENT MOTIONS
The parties filed various post judgment motions regarding custody, visitation, child support and related matters. All pending motions were heard on June 5, 2001 and August 17, 2001 when the parties and their witnesses appeared and offered testimony and introduced documentary evidence. The court, having heard the testimony and reviewed the exhibits makes the following findings of fact and enters orders accordingly.
The parties were married on September 24, 1984. They have one (1) minor child, Brandon Alton Scott born August 6, 1986. The marriage of the parties was dissolved on February 19, 1990. Prior to March, 2001 the parties shared joint custody of Brandon who spent approximately equal amounts of time with both parents. In March, 2001 Brandon moved in with his mother based upon his father's verbal abuse and lack of sensitivity to his needs. The defendant thereafter filed a motion for custody and child support on March 20, 2001. After a full day of litigation concerning custody and visitation the plaintiff agreed that the defendant should have sole custody and primary residence of Brandon and the plaintiff would have whatever visitation with his son that the son wished. Orders were entered by the court concerning these issues. The sole remaining issues are child support and related matters and the defendant's motion for counsel fees. On June 5, 2001 the court (Caruso, J.) entered an order for child support in the amount of $200 per week effective June 12, 2001, without prejudice to either party. The amount of support was an interim order because of the court's lack of credible information pertaining to the plaintiffs financial situation.
The plaintiff has failed to provide the defendant's attorney with reasonable discovery requests and the orders hereinafter entered are based upon the testimony of the parties and what little documentary evidence made available to the court.
Both parties are medical doctors and enjoy substantial incomes. The plaintiffs gross weekly income, without consideration of any income he derives from his private practice is found to be $3,709.91 and that of the defendant to be $1,538.46. Utilizing the guidelines the net weekly CT Page 14019 income of the plaintiff is $2,3951.42 and that of the defendant is $1,331.20. The court finds the total current child support to be $573.81 and the plaintiffs share to be $366.39. In addition the court finds the plaintiffs share of unreimbursed medical expenses to be 54%.
The court has also been requested to consider other matters affecting financial orders. The request by the defendant for counsel fees is granted. The plaintiff has failed to comply with reasonable discovery requests and has decided what he believes the court should use in connection with its financial orders. The next matter involves the return to the minor child of his personal property. The court finds the plaintiff intentionally destroyed or threw away many items belonging to the child which in some cases were irreplaceable. The minor child has special needs. He currently attends the Greater Hartford Arts Academy at an annual tuition of $3,000. In addition he needs braces. He will also need transportation to Hartford to attend the Arts Academy.
The following orders shall enter:
1. The plaintiff shall pay to the defendant by wage execution current child support in the amount of $366.39 per week. Said amount is retroactive to March 20, 2001. The plaintiff shall pay said arrearage at the rate of 20% of the current order and shall also be the subject of a wage execution.
2. The plaintiff shall pay to the defendant the sum of $6,000 in counsel fees. Said amount shall be paid within 60 days of this decision.
3. The plaintiff shall pay 54% of all unreimbursed medical expenses of the minor child including all orthodontia. Payments on the orthodontia bills shall be made within 30 days after they are incurred.
4. The plaintiff shall pay to the minor child in the form of a Uniform Gift to Minors account with the defendant as custodian the sum of $5,000 within 60 days of this decision as reimbursement to him of the loss of his personal property.
5. The plaintiff shall pay 50% of all tuition expenses for the minor child to attend the Greater Hartford Arts Academy. Said payment shall be net of any amounts paid or to be paid by the Town of Canton.
6. Both parties shall provide the minor child with a motor vehicle, properly insured, when the minor child obtains a valid drivers license. Payment for the vehicle and insurance shall be divided equally between the parties. CT Page 14020
BY THE COURT
John R. Caruso, J.